THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICIA A. THOMPSON, | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) CAUSE NO: 3:06-CV-004RM |
| MICHAEL A. CHERTOFF, SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION, | ) ) ) ) ) ) ) |
| Defendant | ) |

OPINION AND ORDER

Patricia Thompson, without the benefit of counsel, sues Secretary of Homeland Security Michael A. Chertoff in his official capacity. The matter is before the court on Secretary Chertoff's motion to dismiss for failure to effect timely service. For the reasons that follow, the court denies his motion.

The following facts are undisputed and recited only for purposes of resolving the motion to dismiss. On January 3, 2006, Ms. Thompson filed her complaint naming Secretary Chertoff as the defendant; a copy of the summons and complaint was sent to him in March. On April 18—105 days after the complaint was filed—the United States Attorney for the Northern District of Indiana filed a notice of improper service, advising Ms. Thompson that to effect service she needed to serve the Attorney General of the United States and the United States

Attorney for the Northern District of Indiana.[1] On June 8, a summons was sent to the Attorney General of the United States, and on June 19 a summons was delivered to the United States Attorney for the Northern District of Indiana. The 120-day service period under Rule 4(m) expired on May 4. Ms. Thompson obtained proper service on June 19—41 days late. Ms. Thompson doesn't contest these points.

An action may be dismissed due to insufficient service of process under FED. R. CIV. P. 12(b)(5). If a plaintiff doesn't serve a summons and complaint on a defendant "within 120 days after the filing of the complaint," a district court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time . . . " FED. R. CIV. P. 4(m). But before dismissing a case, "a district court must first inquire whether a plaintiff has established good cause for failing

---

[1] Rule 4(i)(2)(A) of FED. R. CIV. P. states:
Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Rule 4(i)(1) provides in part:
Service upon the United States shall be effected

>(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
>(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

to effect timely service." Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996). If a plaintiff establishes good cause, the district court must extend the time for service and the inquiry is ended. Panaras v. Liquid Carbonic Indus., 94 F.3d at 340; Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1988). Even if good cause isn't shown, a district court must consider whether a discretionary extension of time for service is warranted. Panaras v. Liquid Carbonic Indus., 94 F.3d at 341.

The court of appeals hasn't articulated a precise test for determining if good cause exists, but a plaintiff must at least show reasonable diligence in effecting proper service. Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir. 1993) (citing Tso v. Delaney, 969 F.2d 373, 375 (7th Cir. 1992). Ms. Thompson tries to show good cause by saying her untimely service should be excused because (1) there were no instructions regarding service in her right to sue letter, (2) she is proceeding *pro se* despite efforts to retain counsel, (3) she tried to serve the defendant within the 120-day period, and (4) she eventually effected proper service. The court can't agree.

Despite proceeding without the benefit of counsel, Ms. Thompson still has a duty to comply with the service requirements of rules of civil procedure. McMasters v. U.S., 260 F.3d 814, 818 (7th Cir. 2001). The letter she received told her that she must name Secretary Chertoff as a defendant, but it didn't say he was the only party to be served. And while Ms. Thompson made an initial effort to serve the defendants, she was put on notice several weeks before the service

3

period ended that her first attempt at service was improper. Still, she waited nearly two months before taking additional steps to cure the deficiency. She proffers no reason for this delay. The court cannot say Ms. Thompson was reasonably diligent in her attempt to effect service, so she hasn't met her burden of demonstrating good cause. *See* Bachenski v. Malnati, 11 F.3d at 1371.

Sufficient reason exists, however, to grant a discretionary extension of time. Courts have considered several factors in granting a permissive extension including whether the statute of limitations has already run; that the plaintiff was proceeding *pro se*; whether the defendant has suffered any prejudice by a delay; when the defendant received actual notice; and any attempts at service that were made. *See* Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 934 (7th Cir. 2002); Panaras v. Liquid Carbonic Indus., 94 F.3d at 341; Schafer v. Quincy Newspapers, Inc., 2006 WL 140746 (C.D. Ill. 2006); Bland v. Candioto, 2006 WL 2735501 (N.D. Ill. 2006); Hopkins v. Kane County, 2006 WL 560473 (N.D. Ill. 2006).

Ms. Thompson, who is proceeding *pro se,* made a timely attempt to serve the defendant, so the United States Attorney for the Northern District of Indiana was put on notice of this suit before expiration of the 120-day period. More significant, Ms. Thompson will be barred from bringing her employment discrimination claim if this case is dismissed because the 90-day period for filing a complaint under Title VII has expired. 42 U.S.C. § 2000e-5(f)(1); Panaras v. Liquid Carbonic Indus., 94 F.3d at 341. The defendant professes no prejudice by this delay, so the court

4

exercises its discretion in granting an extension of the 120-day period. Accordingly, the defendant's motion to dismiss [Doc. 11] is DENIED.

SO ORDERED.

Entered:   October 13, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: counsel of record/P. Thompson